# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## NO: 3:03CR219

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff | )  )  ) |
| vs. | )   **ORDER** |
| LEANDRA SMITH,  Defendant. | )  )  )  )  )  ) |

**THIS MATTER IS BEFORE THE COURT** on the "Demand for Bill of Particulars" (Document No. 59), filed November 10, 2004 by Leandra Smith; and the "Notice of Motion and Motion for Bill of Particulars on Counts Two Thur (sic) Eleven" (Document No. 82), filed February 7, 2005 by Anewa Tiari-El and Leandra Smith[1]; and the "United States' Consolidated Response to Defendants' Demands for Bill of Particulars ..." (Document No. 76), filed January 24, 2005 by the Government. After careful consideration of the written arguments, applicable authority, and the oral arguments made to the Court on May 2, 2005 by Ms. Smith, representing herself, and David Brown, the Assistant United States Attorney representing the Government, the undersigned will deny the motions.

## I. DISCUSSION

### A. Demand for Bill of Particulars

In the Demand for Bill of Particulars, Ms. Smith requests a Bill of Particulars with respect to the charges against her and argues that the Court lacks jurisdiction over her because she is a

---

[1] Ms. Tiari is a co-defendant in the above-titled action. The undersigned denied this particular motion with respect to Ms. Tiari in an Order dated February 16, 2005 (Document No. 87). Accordingly, the undersigned now addresses this motion only with respect to Ms. Smith.

member of the Pembina Nation Little Shell Band of the Ojibwe. In response, the Government contends that the indictment and its open file discovery policy have provided Ms. Smith with all the information to which she is entitled and that this Court has jurisdiction over Ms. Smith.

### i. Bill of Particulars

The Ninth Circuit nicely summarized the purpose behind, and the law governing a demand for, a bill of particulars as follows:

> The bill of particulars has three functions: to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purpose. The denial of a motion for a bill of particulars is within the discretion of the district court. ... To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary. ... Full discovery also obviates the need for a bill of particulars.

United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) (internal marks and citations omitted). This undersigned's review of the indictment against Ms. Smith, as well as the Government's representation that it continues to comply with its open file discovery policy, compel the conclusion that Ms. Smith has received, at the very least, all of the information to which she is entitled. She certainly has adequate information with respect to the nature of the charges against her, such that she can prepare for trial, avoid surprise at trial and "plead double jeopardy in any subsequent proceedings." United States v. Ayers, 924 F.2d 1468, 1483-84 (9th Cir. 1991); see also Giese, 597 F.2d at 1180; United States v. Bales, 813 F.2d 1289, 1294 (4th Cir. 1987) (holding defendant "has no unconditional right to such a bill").

### ii. Jurisdiction

Title 18, Section 3231 of the United States Code provides that federal district courts have original jurisdiction – exclusive of state courts – of all offenses against the laws of the United States.

18 U.S.C. § 3231. Section 1152 of the same title clarifies that the "general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States ... shall extend to the Indian country." 18 U.S.C. § 1152.

Ms. Smith contends that she is a member of the Pembina Nation Little Shell Band of the Ojibwe. In support of that contention, she attaches two affidavits and a "constructive notice" purportedly from the Pembina Nation Little Shell Band. In other pleadings filed by Ms. Smith, she concedes that she is a citizen of North Carolina, although not of the United States. Even assuming Ms. Smith is a member of a legally recognized Indian tribe, it is clear that this Court has jurisdiction over a federal criminal action against her. Her argument to the contrary is unavailing. See United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (discussing "shop worn" argument that the defendant tax protestor was not subject to the laws of the United States and dismissing proposition as "simply wrong") (internal marks and citation omitted).

**B. Notice of Motion and Motion for Bill of Particulars on Counts Two Thur (sic) Eleven**

For the reasons discussed supra I.A, the Notice of Motion and Motion for Bill of Particulars on Counts Two Thur (sic) Eleven – although longer and more substantive in nature than the previously-filed Demand for Bill of Particulars – likewise fails to establish that Ms. Smith is entitled to information beyond that contained in the indictment against her and as disclosed to her in compliance with the Government's open file policy.

## II.    ORDER

**IT IS, THEREFORE, ORDERED** that the "Demand for Bill of Particulars" (Document No. 59) and the "Notice of Motion and Motion for Bill of Particulars on Counts Two Thur (sic) Eleven" (Document No. 82) are **DENIED**. The "Notice of Motion and Motion for Bill of Particulars on Counts Two Thur (sic) Eleven" (Document No. 82) is denied only with respect to Ms. Smith.

        The Clerk of Court is directed to send a copy of this Order to Ms. Smith, Assistant United States Attorney Brown, and the Honorable Graham C. Mullen.

**Signed: May 3, 2005**

David C. Keesler
United States Magistrate Judge